**manatt**

Samantha J. Katze
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 790-4579
SKatze@manatt.com

July 23, 2024

**VIA ECF**

Honorable Margaret M. Garnett
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

        Re:    *Ett v. Spirit Music Group, Inc. et al.,* **Case No. 1:24-cv-00676-MMG (SDNY)**

Dear Judge Garnett:

        We represent Plaintiff Alan Ett in the above-referenced action, and respectfully write, with the consent of counsel for all Defendants, to request (i) leave for Mr. Ett to file the attached proposed Third Amended Complaint (the "TAC") on or before July 26, 2024; and (ii) assuming the Court grants such leave, that Defendants' current deadline of July 29, 2024 to answer or otherwise respond to Mr. Ett's Second Amended Complaint ("SAC") (Dkt. #27) ("Defendants' Current Initial Response Deadline") be taken off calendar, and that Defendants have 30 days to answer or otherwise respond to the TAC from the date on which Mr. Ett files the TAC.

        Mr. Ett commenced this action on January 30, 2024. (Dkt. #1.) On April 15, 2024, after the parties submitted a joint letter and proposed case management plan, the Court issued an Order, which, among other things, directed Mr. Ett to file an amended complaint, if any, by April 26, 2024. (Dkt. #16). Mr. Ett filed his First Amended Complaint on April 26, 2024. (Dkt. #19.) On May 23, 2024, we sought the Court's approval to be substituted in as counsel to Mr. Ett (Dkt. #20), which the Court granted on May 28, 2024. (Dkt. #22.) Subsequently, on May 24, 2024, Mr. Ett requested leave to file the SAC and for certain scheduling adjustments that would provide his new counsel with a reasonable amount of additional time to get up to speed, including but not limited to so that counsel could assess whether to add new claims to the SAC and potentially resolve other claims in the FAC to help streamline this matter. (Dkt. #21). The Court granted Mr. Ett's request on May 28, 2024 (Dkt. #23), and, on June 27, 2024, Mr. Ett filed his SAC, which, *inter alia*, dropped certain claims and added others. (Dkt. #27.)

        In addition, during the time that we were getting up to speed and preparing the SAC, it came to our attention that the asset purchase agreement at issue in this action provides Mr. Ett with a right to indemnification from Defendants Spirit Music Collective S.a.r.l., Spirit Music Collective, LLC and Spirit Catalogue Holdings S.A.R.L. (collectively, the "Indemnification Defendants") for certain relevant breaches of that agreement. Accordingly, on June 24, 2024, we sent Defendants' counsel a letter setting forth Mr. Ett's right to indemnification for certain breaches and demanding that Defendants' counsel confirm in writing that the Indemnification

# manatt

Honorable Margaret M. Garnett
July 23, 2024
Page 2

Defendants intended to fulfill their indemnification obligations to Mr. Ett. On July 2, 2024, after filing the SAC, we sent Defendants' counsel an amended indemnification letter, which, among other things, demanded that Defendants' counsel indicate in writing, by no later than Friday, July 12, 2024, whether the Indemnification Defendants intend to fulfill their indemnification obligations to Mr. Ett and advising that, if they did not agree or declined to do so, Mr. Ett intended to seek to amend his SAC to incorporate this additional breach and to pursue all remedies flowing from such breach. Defendants' counsel did not respond by the July 12, 2024 deadline, and, on July 17, 2024, we sent Defendants' counsel a proposed TAC, a copy of which showing the proposed revisions in tracked changes is annexed as Exhibit "A" hereto,[1] and requested that Defendants advise no later than Monday, July 22, 2024 whether they would stipulate to allow Mr. Ett to file the proposed TAC. On July 22, 2024, counsel for Defendants advised that Defendants would not oppose the filing of Mr. Ett's proposed TAC but asked that any request to the Court for leave include thirty days for Defendants to respond to the TAC.

Mr. Ett respectfully submits that good cause exists for Mr. Ett's request for leave to file the TAC and the scheduling adjustments sought based on the following: (i) undersigned counsel worked diligently and expeditiously to get up to speed on all issues underlying this matter; (ii) in the process of getting up to speed undersigned counsel became aware of Mr. Ett's right to indemnification set forth in the relevant asset purchase agreement; (iii) upon learning of Mr. Ett's indemnification right, undersigned counsel promptly notified Defendants' counsel seeking to exercise such right; (iv) shortly thereafter, Mr. Ett promptly sought Defendants' consent to file a TAC seeking to enforce such right; and (v) because no trial date or any date other than Defendants' Current Initial Response Deadline has been set in this matter, the relief sought likely will not have a material impact on the progression of this matter. This is the second request for the relief sought, and such relief is sought with the consent of all parties.

If the Court approves of our request, we respectfully ask that it "So Order" this letter. We thank the Court for its consideration of these matters.

Respectfully submitted,

Samantha J. Katze

w/Attachments

cc:   All counsel (via ECF with attachments)

---

[1] A clean copy of the proposed TAC is annexed as Exhibit "B" hereto.