UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN ETT,<br><br>       Plaintiff,<br><br>    v.<br><br>SPIRIT MUSIC GROUP, INC., SPIRIT MUSIC COLLECTIVE, LLC, SPIRIT CATALOGUE HOLDINGS SARL, SPIRIT MUSIC COLLECTIVE SARL, and LYRIC CAPITAL MANAGEMENT GROUP, LP,<br><br>       Defendants. | Case No.: 1:24-cv-676<br><br>**PLAINTIFF AND COUNTER-DEFENDANT ALAN ETT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT AND COUNTER-CLAIMANT SPIRIT MUSIC COLLECTIVE, LLC'S <u>COUNTERCLAIMS</u>** |
| SPIRIT MUSIC COLLECTIVE, LLC,<br><br>       Counter-Claimant,<br><br>    v.<br><br>ALAN ETT,<br><br>       Counter-Defendant. | **Jury Trial Demanded** |

Plaintiff and Counter-Defendant Alan Ett ("Ett"), by and through his attorneys, Manatt, Phelps & Phillips, LLP, hereby submits his answer and affirmative defenses to the Counterclaims filed by Defendant and Counter-Claimant Spirit Music Collective, LLC ("SMC") on August 26, 2024 (the "Counterclaims"). For the avoidance of doubt, Ett denies any and all statements in the Counterclaims' section headings, introduction, footnotes, "Wherefore" clauses, Prayer for Relief, or otherwise outside the numbered paragraphs therein. As to the allegations in the Counterclaims' numbered paragraphs, Ett hereby answers and responds as follows:

1. Ett lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaims.

2. Ett admits the allegations in paragraph 2 of the Counterclaims.

3. Paragraph 3 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett admits the Court has subject matter jurisdiction over this action.

4. Paragraph 4 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett admits the Court has supplemental jurisdiction over SMC's purported state law counterclaims.

5. Paragraph 5 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett admits that this Court has personal jurisdiction over him for purposes of this action.

6. Paragraph 6 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett denies them, except admits that songwriters are entitled to various types of royalties from exploitations of musical works they create.

7. Ett denies the allegations in paragraph 7 of the Counterclaims.

8. Ett denies the allegations in paragraph 8 of the Counterclaims, and respectfully refers the Court to the asset purchase agreement dated as of January 1, 2017 (the "APA") by and between AECG, LLC, Audio Horizons, LLC, Opus 1 Production Music Library, LLC, The Music Collective, LLC (collectively, "Seller Companies") and Ett, individually, on the one hand, and Spirit Music Collective S.a.r.l., Spirit Music Collective LLC and, solely for the purposes of Section 12.1 of the APA, Spirit Catalogue Holdings S.A.R.L. (collectively, the "APA Defendants"), on the other hand, for the APA's complete terms.

9. Ett denies the allegations in paragraph 9 of the Counterclaims, except admits that, prior to and/or after entering into the APA, he discussed with and received the approval of the APA Defendants and the other Defendants for the manner in which the Seller Companies

credited and administered musical compositions, and otherwise respectfully refers the Court to the relevant provisions of the APA.

10. Ett denies the allegations in paragraph 10 of the Counterclaims, and respectfully refers the Court to the APA for its complete terms.

11. Ett denies the allegations in paragraph 11 of the Counterclaims, except admits that his songwriting services were outside the scope of his employment by SMC, and respectfully refers the Court to the APA and the employment agreement dated as of January 1, 2017 between Ett and SMC (the "Employment Agreement") for their complete terms.

12. Ett denies the allegations in paragraph 12 of the Counterclaims, and respectfully refers the Court to the APA for its complete terms.

13. Ett denies the allegations in paragraph 13 of the Counterclaims, and respectfully refers the Court to the APA for its complete terms.

14. Ett denies the allegations in paragraph 14 of the Counterclaims.

15. Ett denies the allegations in paragraph 15 of the Counterclaims.

16. Ett denies the allegations in paragraph 16 of the Counterclaims, except admits he and SMC entered into the "Amendment No. 1 to Employment Agreement" dated October 28, 2019 (the "Amendment"), and respectfully refers the Court to the Amendment for its complete terms.

17. Ett denies the allegations in paragraph 17 of the Counterclaims.

18. Ett repeats and realleges each and every one of his responses to the allegations in paragraphs 1 through 17 of the Counterclaims as if fully set forth herein at length.

19. Paragraph 19 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett denies them, except admits that he and the Seller Companies, on the one hand, and SMC and the other APA Defendants, on the other hand, entered into the APA.

20. Ett denies the allegations in paragraph 20 of the Counterclaims.

21. Ett denies the allegations in paragraph 21 of the Counterclaims.

22. Ett denies the allegations in paragraph 22 of the Counterclaims.

23. Ett repeats and realleges each and every one of his responses to the allegations in paragraphs 1 through 22 of the Counterclaims as if fully set forth herein at length.

24. Ett denies the allegations in paragraph 24 of the Counterclaims, except admits such allegations accurately quote Section 2.1(a)(iii) of the APA, and respectfully refers the Court to the APA for its complete terms.

25. Ett denies the allegations in paragraph 25 of the Counterclaims, and respectfully refers the Court to the APA for its complete terms.

26. Ett denies the allegations in paragraph 26 of the Counterclaims, except admits that, since the cessation of his employment at SMC, none of the Defendants has had any rights of any kind in his ownership and/or income interests in musical compositions created on or after January 1, 2017, and respectfully refers the Court to the APA and Employment Agreement for their complete terms.

27. Paragraph 27 of the Counterclaims contain allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett denies them.

28. Ett repeats and realleges each and every one of his responses to the allegations in paragraphs 1 through 27 of the Counterclaims as if fully set forth herein at length.

29. Ett denies the allegations in paragraph 29 of the Counterclaims.

30. Ett denies the allegations in paragraph 30 of the Counterclaims, except admits that, since the cessation of his employment at SMC, none of the Defendants has had any rights of any kind in his ownership and/or income interests in musical compositions created on or after January 1, 2017, and respectfully refers the Court to the APA and Employment Agreement for their complete terms.

31. Paragraph 31 of the Counterclaims contains allegations of law, not fact, to which no response is required. To the extent these allegations require a response, Ett denies them.

//

//

## **AFFIRMATIVE DEFENSES**

By alleging defenses herein, Ett does not intend to alter the burden of proof or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity.  Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission either of liability or as to whether SMC or any of the other Defendants is entitled to any relief whatsoever.  Ett reserves his right to supplement the below affirmative defenses, including, without limitation, as a result of new information obtained through discovery.

### **FIRST AFFIRMATIVE DEFENSE**

The Counterclaims fail to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

At all times relevant hereto, all of Ett's conduct was reasonable, lawful and in good faith.

### **THIRD AFFIRMATIVE DEFENSE**

The unclean hands doctrine bars all of the Counterclaims.

### **FOURTH AFFIRMATIVE DEFENSE**

The waiver doctrine bars all of the Counterclaims.

### **FIFTH AFFIRMATIVE DEFENSE**

The estoppel doctrine bars all of the Counterclaims.

### **SIXTH AFFIRMATIVE DEFENSE**

To the extent Ett engaged in any of the purported acts alleged in the Counterclaims, such acts were excused, justified or privileged.

### **SEVENTH AFFIRMATIVE DEFENSE**

The applicable statutes of limitations bar all of the Counterclaims.

### EIGHTH AFFIRMATIVE DEFENSE

The laches doctrine bars all of the Counterclaims.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims do not describe the claims or facts with sufficient particularity to permit Ett to ascertain what other defenses may exist.  Ett preserves and does not waive any and all further separate and additional defenses that become available or appear during discovery in this action, and reserves the right to amend this pleading to assert such additional defenses.

### PRAYER FOR RELIEF

**WHEREFORE**, Ett demands Judgment in his favor and against SMC:

A.  Dismissing the Counterclaims in their entirety, with prejudice;

B.  Awarding Ett his costs and fees, including attorneys' fees permitted by law;

C.  Granting Ett such other and further relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ett hereby demands a trial by jury of all claims in this Counterclaims triable by jury.

Dated:  New York, New York
        September 16, 2024

        MANATT, PHELPS & PHILLIPS, LLP

        By: /s/ Robert A. Jacobs_____
            Robert A. Jacobs
            Samantha J. Katze
            Sarah E. Moses (*admitted pro hac vice*)
            Times Square Tower
            7 Times Square
            New York, New York 10036
            Telephone: (212) 790-4500
            Facsimile: (212) 790-4545
            Email: RJacobs@manatt.com

Email: SKatze@manatt.com
Email: SMoses@manatt.com
*Attorneys for Plaintiff Alan Ett*

Andrea Del-Carmen Gonzalez
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
Email: ADGonzalez@manatt.com
*Of Counsel for Plaintiff Alan Ett*